**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN SHEK,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>CHILDREN HOSPITAL RESEARCH CENTER IN OAKLAND; et al.,<br><br>       Defendants - Appellees. | No. 14-15405<br><br>D.C. No. 3:13-cv-02017-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

John Shek appeals pro se from the district court's order imposing a pre-filing

restriction on him as a vexatious litigant.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion, *Molski v. Evergreen Dynasty Corp.*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam), and we affirm.

The district court did not abuse its discretion by declaring Shek a vexatious litigant and entering a pre-filing order against him after providing him notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding Shek's harassing litigation history, and tailoring the restriction narrowly. *See Molski*, 500 F.3d at 1057-61 (discussing factors for imposing pre-filing restrictions).

The district court did not abuse its discretion by denying Shek's motions to vacate the order because Shek failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We reject Shek's contentions regarding the district court's jurisdiction to impose the pre-filing restriction, judicial bias, the timeliness of the motion filed by the National Labor Relations Board ("NLRB"), and defendants' alleged use of fraud to obtain favorable decisions.

Shek's motions for an extension of time to file a reply to NLRB's answering brief and for an order filing his reply brief, filed on September 17, 2014 and October 20, 2014, are granted. The Clerk is instructed to file Shek's "Informal

14-15405

Reply Brief Response to N.L.R.B's Answer Brief Filed on 9/11/2014," received

September 25, 2014.

**AFFIRMED.**

14-15405